SILVER SPRINGS AND WESTERN RAILROAD COMPANY, A CORPORATION, HERBERT L. ANDERSON AND ELIZABETH BAKER ANDERSON, *Appellants,* v. FRANCES HOWSE KOONCE, BY HER NEXT FRIEND AND SOLICITOR, J. C. B. KOONCE, *Appellee.*

1. The Circuit Court has the power to vacate a dismissal of a bill as to some of the defendants, after the lapse of thirty days, it appearing that the dismissal was for failure to set down or reply to a plea, and the complainants had instead filed "exceptions" to the plea which fact was suppressed from the court upon the application for the order of dismissal,

2. Where notice of a hearing is sufficient to procure the presence of the opposing counsel and he argues the merits thereon, it is immaterial how the notice was served.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*H. M. Hampton,* for appellants;

*J. C. B. Koonce* and *J. B. Gaines,* for appellee.

COCKRELL, J.—Mrs. Koonce filed her bill against Sarah A. Bishop and others to enforce a mortgage given by Mrs. Bishop upon the Silver Springs property in Marion County, alleging that the Silver Springs and Western Railroad Company and the Andersons claimed some interest therein, which is alleged to be inferior to the mortgage lien.

On November 30, 1907, the Railroad Company and the Andersons filed a joint plea, setting up an independent title to the property through certain execution sales and tax deeds. Within the time alleged by the rule for setting down the plea for argument, the complainant interposed what is termed "exceptions to the answer" of these parties. On January 18, 1908, these defendants applied ex parte to the court for a dismissal of the bill under rule 55 because the complainant had not replied to their plea nor set the same down for argument "to test the sufficiency thereof," and presented a certificate of the clerk that the records and files of his office did not disclose that the complainant had replied to the plea and that said plea had not been set down for hearing by *defendants;* thereupon the court at once signed an order dismissing the cause, reciting that it appeared to the court that the complainant had not replied to the plea nor set the same down for hearing; the order of dismissal was entered in the minutes of the Circuit Court on January 22nd.

S. S. & W. R. Co. *et al.* v. Koonce.—Opinion of Court

On February 25th, the complainant moved the court to vacate the order of dismissal and to reinstate the cause upon the grounds that the complainant had mistakenly assumed upon a hasty examination that the plea was in fact an answer, and that the filing of exceptions thereto clearly indicated an effort to test its sufficiency in law and not an abandonment of the cause as to these defendants, and further suggesting that the court had been misled by the clerk's certificate and by the suppression of the fact that these exceptions were on file. Upon argument, this motion was granted and the complainant was permitted instanter to set the plea down, whereupon these defendants appealed.

This court has heretofore declined to follow the practice of the Supreme Court of the United States and permits the opening up on motion of decrees *pro confesso* after they have become absolute under the rule, and it would seem that in this respect we are also out of harmony with the English practice. In England, however, it appears that a distinction is made between opening up final decrees upon decrees *pro confesso,* decrees *pro confesso* and decrees of dismissal where the case has not been heard upon the merits. See Stribling v. Hart, 20 Fla. 235, text 258. It is also worthy of note that Rule 45 which provides for decrees pro confesso allows the defendant twenty days within which to act, after which time the decree rendered shall become absolute, whereas under Rule 55, no latitude is permitted the complainant but in compensation for this failure there is no command that the dismissal shall be absolute. The rule provides for a discretion in the Chancellor to refuse a dismissal and "to allow further time for the purpose." It is clear that the case has not been properly heard upon its merits, and that there

should be lodged somewhere a means for securing such hearing. 2 Daniel's Chan. Pl. & Pr. § 1027.

It is further made clear by the order of the court when for the first time there was presented the complete files and both sides were represented that no order of dismissal would have been rendered had there been no suppression of the filing of the so-called "exceptions." The filing of exceptions, rather than setting down the plea, is a mistake of form rather than one of substance, and is really of greater service to the defendant in that it pointed specifically the objections the complainant intended to urge against the plea, and is somewhat in the nature of a demurrer to a plea in equity which has been considered by the courts as an irregularity merely and no objections to the form being made, been treated as a setting down.

We cannot say that the filing of these exceptions was so gross an irregularity as to compel an absolute ignoring by the court, but agree with the chancellor that they showed an honest, though technically irregular, effort to test the legal sufficiency of the plea and that upon prompt application he had necessary and full power to set aside the dismissal so obtained from him, and that the power was in this instance wisely and correctly exercised.

There may be some doubt as to whether the dismissal of the bill as to some only of the defendants constitute an enrolled final decree.

The motion of the hearing of the motion seems to have been sufficient to produce the presence of the solicitor of record for these defendants and to have elicited an argument from him. The corrected order, made in order to point out more specifically the nature and extent of the hearing is confusing, but we think sufficient

to show that the defendants' counsel was advised of the hearing, was present and was heard.

The order appealed from is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.